IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN,<br><br>Plaintiff,<br><br>vs.<br><br>VERIZON WIRELESS,<br><br>Defendant. | CV 13-54-BU-CSO<br><br>**ORDER** |

I.  **INTRODUCTION**

Plaintiff David Braun has filed a complaint against Defendant Verizon Wireless.  The following motions are pending:

(1) Defendant Verizon's Motion to Dismiss for Lack of Jurisdiction *DKT 4*;

(2) Braun's Motion to Compel *DKT 10*; and

(3) Braun's Request for Award of the Requested shares as a Summary Judgment *DKT 15*.

Having considered the parties' arguments and submissions, the Court finds that Verizon's Motion to Dismiss is dispositive. Braun has failed to set forth an intelligible claim for relief.  Verizon's Motion to

1

Dismiss will be granted, Braun's Motion for Summary Judgment will be denied, and this matter will be dismissed with prejudice.[1] Braun's Motion to Compel will be denied as moot.

## II. MOTION TO DISMISS

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The pleading standard in Rule 8 "demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not

---

[1] Pursuant to 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and upon written consent of the parties, this matter has been assigned to this Court to conduct all further proceedings, enter judgment, and conduct all post-trial proceedings. *DKT 9*.

suffice. *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* A complaint is subject to dismissal pursuant to Rule 12(b)(6) if it does not "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Braun's Complaint is digressive and his claims are not apparent. He states, for example, that his phone has been used to manipulate people around him, especially women, and thereby "keep an American citizen single." *DKT 1 at 2-3.* Verizon could not possibly be expected to defend itself effectively from this Complaint. Braun's rambling statements fail to set forth any possible cause of action against Verizon. His concerns that he has been subjected to electronic surveillance through his cell phone do not rise above the speculative level. In addition, Braun seems to concede that Verizon is not responsible for the alleged electronic surveillance. None of Braun's statements identify or establish an entitlement to relief from Verizon. Braun's allegations are

3

unintelligible, he does not set forth a recognizable cause of action or claim for relief, and the Complaint will be dismissed.

### 2. Lack of Subject Matter Jurisdiction

In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331–32. To invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... [or] citizens of a State and citizens or subjects of a foreign state( )27." 28 U.S.C. § 1332(a).

Defendant Verizon Wireless contends it is not a business entity. Instead, its operations in Montana are carried out by Gold Creek Cellular of Montana Limited Partnership, a Montana company. capable of being sued. Braun is also a resident of Montana, therefore there is no diversity jurisdiction.

To invoke federal question jurisdiction, the complaint must allege that the " 'action[ ] aris[es] under the Constitution, laws, or treaties of

4

the United States." 28 U.S.C. § 1331.  As set forth above, the Court is unable to identify a federal claim in Braun's Complaint.  "[T]he federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.' " *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal citations omitted).  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.' " *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (*quoting Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974).

    Braun bears the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Yet, he failed to make any meaningful objection to the motion to dismiss.  The Complaint is unintelligible and cannot establish

subject matter jurisdiction on its own.  As Braun failed to address Verizon's subject matter jurisdiction argument, he has not met his burden.  The Complaint will also be dismissed for lack of subject matter jurisdiction.

Based on the foregoing, IT IS ORDERED that:

1. Braun's Motion to Compel (*DKT 10*) is DENIED AS MOOT.

2. Defendant's Motion to Dismiss (*DKT 4*) is GRANTED

3. Braun's Request for Emergency Award of Summary Judgment (*DKT 15*) is DENIED

4. This matter is dismissed with prejudice.  The Clerk of Court is directed to enter judgment in favor of Defendant.

DATED this 7th day of October, 2013.

/s/   Carolyn S. Ostby
United States Magistrate Judge